**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JONNY LEONARD; RANDHY
ANANDY GULTOM; SITI
HIDAYATI; MARLYN
THIANOV,

             Petitioners,

  v.

ALBERTO R. GONZALES,
Attorney General,

             Respondent.

No. 06-9516
(Nos. A97-192-525, 96-291-222,
97-192-526 & 97-192-527)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

Jonny Leonard, Siti Hidayati,[1] Randhy Anandy Gultom, and Marlyn

Thianov (collectively "Petitioners") seek review of a final order of removal issued

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Although Ms. Hidayati's name is spelled "Hatayate" in some portions of the record, *see, e.g.*, Admin. R. at 101, her name is spelled "Hidayati" on her passport, *see id.* at 431, and that is the spelling we will use.

by the Board of Immigration Appeals (BIA) affirming the denial of their applications for asylum, withholding of removal under the Immigration and Nationality Act (INA), and withholding of removal under the United Nations Convention Against Torture (CAT). The petition for review is dismissed in part and denied in part.

## Asylum Claim

Petitioners challenge the IJ's determination that Mr. Gultom's asylum application was untimely.[2] An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Petitioners concede that the application was untimely, but they argue that Mr. Gultom is entitled to an exception to the one-year deadline because he demonstrated "extraordinary circumstances relating to the delay in filing," *id.* § 1158(a)(2)(D).

Prior to the enactment of the REAL ID Act in May 2005, courts did not have jurisdiction to review a timeliness determination made under section 1158(a)(2). *See id.* § 1158(a)(3). After the REAL ID Act, courts were given limited jurisdiction to review "constitutional claims or questions of law" related to the timeliness determination. *Diallo v. Gonzales*, 447 F.3d 1274, 1281

---

[2] Mr. Leonard and Mr. Gultom filed separate applications for asylum. Ms. Hidayati and Ms. Thianov are listed on Mr. Leonard's application and are therefore considered derivative beneficiaries of his application. Petitioners are challenging only the timeliness determination with respect to Mr. Gultom's asylum application. *See* Pet. Br. at 12-13.

(10th Cir. 2006) (quoting 8 U.S.C. § 1252(a)(2)(D)). "However, challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." *Id*. Petitioners' argument focuses on the alleged factual circumstances involved in the delayed filing of Mr. Gultom's asylum application and the IJ's discretionary decision that Mr. Gultom had not established his entitlement to an exception to the one-year filing deadline. This argument does not raise a constitutional claim or a question of law. We do not have jurisdiction to review this type of challenge. *See id*.

**Withholding of Removal Claims**

Petitioners contend that the IJ erred in making his adverse credibility finding and that the record as a whole supports their claims for withholding of removal under the INA and the CAT. Petitioners essentially claim that they fear returning to Indonesia because they will suffer persecution at the hands of Ms. Hidayati's family due to their Christian religious beliefs. The IJ found that the petitioners' testimony on this issue was not credible. He reasoned that it was not plausible that Ms. Hidayati's allegedly devout Muslim family would not have uncovered their Christian faith, if (as the IJ found) they practiced it near her family in Indonesia for 18 years. Admin. R. at 71-74.

An IJ's credibility determination will be upheld "so long as the IJ provides specific, cogent reasons for disbelieving the witness' testimony." *Elzour v. Ashcroft,* 378 F.3d 1143, 1152 (10th Cir. 2004) (quotation and citation omitted).

An adverse credibility determination may be based on inconsistencies in the witness' testimony, lack of sufficient detail, implausibility, or testimonial demeanor. *Id.* at 1152-53. "An IJ's finding that an applicant's testimony is implausible may not be based upon speculation, conjecture, or unsupported personal opinion." *Id.* at 1153.

The IJ supported his adverse credibility finding with evidence from the record. He noted that the petitioners testified that their children attended religious school for about twelve years each and that the children had to wear uniforms from the Christian school. Also, there was a period of time when Mr. Gultom lived with his grandparents when he was a child and, according to the testimony, his mother came to pick him up every day and he continued to go to the Christian school. The IJ concluded that "the families lived in relatively close proximity to one another" and that it was "inconceivable . . . that if they were indeed practicing Christians that their practice would not have come to light while they were living in Indonesia." Admin. R. at 72.

In order to establish withholding of removal under the INA, petitioners must show that it is more likely than not that they would be persecuted upon their return to Indonesia. *Woldemeskel v. INS*, 257 F.3d 1185, 1193 (10th Cir. 2001). As discussed above, the IJ found that petitioners' testimony about potential persecution from their relatives was not credible and that the fact that they were able to live in Indonesia for 18 years and allegedly pursue their religious

-4-

activities shows that they are able to live in Indonesia without serious harm being inflicted on them by their relatives. The IJ also noted that the Department of State report indicated that Jehovah's Witnesses, another Christian denomination, enjoyed a high degree of religious freedom in Indonesia. Admin. R. at 74. Moreover, Mr. Leonard testified that he was able to worship freely as a Christian in Indonesia. *Id.* at 126. Substantial evidence in the record supports the IJ's determination that petitioners had not met their burden of establishing entitlement under the INA to withholding of removal.

In order to satisfy the requirements under the CAT, an applicant must establish that it is more likely than not that he or she would be tortured if returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(4). The IJ concluded that petitioners were ineligible for CAT relief because this provision "requires the respondents to show at least acquiescence in torture by a government official, or someone acting with official authority" and petitioners had failed to show any kind of mistreatment at the hands of the authorities. Admin. R. at 75. The IJ correctly articulated the operative legal principle. *Ferry v. Gonzales*, 457 F.3d 1117, 1130-31 (10th Cir. 2006). And petitioners have not pointed to any evidence in the record to support this claim. Both Ms. Hidayati and Mr. Leonard testified that they had never been harmed by the Indonesian government. *Id.* at 122, 148. The IJ's decision is supported by substantial evidence in the record.

The petition for review as to the asylum claim is **DISMISSED** for lack of jurisdiction. As to the withholding of removal claims under the INA and the CAT, the petition is **DENIED**.

Entered for the Court


Jerome A. Holmes
Circuit Judge